Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| MIGUEL A. JAIME BLÁS<br><br>*Recurrente*<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>*Recurrido* | KLRA202400551 | Revisión Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 102684<br><br>Sobre: Reconsideración de no concesión del privilegio |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece ante nos el señor Miguel A. Jaime Blás (recurrente), por derecho propio, mediante un *Escrito de Revisión Judicial* suscrito el 1 de octubre de 2024. En su escrito, el recurrente aduce que la Junta de Libertad Bajo Palabra (JLBP), le negó algún privilegio.

Con el propósito de lograr el más justo y eficiente despacho de los procedimientos, prescindimos de solicitar la comparecencia escrita de la parte recurrida, a tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, y procedemos a **_desestimar_** el presente recurso.

**I.**

Según surge del recurso, el recurrente se encuentra desde el 20 de septiembre de 2024 en nivel de custodia mínima de seguridad en el Centro de Detención del Oeste en Mayagüez y extingue una condena de 70 años. Por otro lado, enumera los programas y terapias que ha tomado durante varios años, así como, que está trabajando en la brigada de mantenimiento y ornato del Municipio

de Cabo Rojo. Alega que, el 22 de abril de 2024, estructuró su plan de salida con la técnica socio penal, la señora Zulma González; brindó una carta de empleo y la información completa de su amigo consejero de apellidos Santiago González, esto, con el fin de cumplir con los criterios de elegibilidad para ser considerado para libertad condicional. Menciona incisos de la Resolución que pretende revisemos, la cual no incluyó en su recurso.

En consideración a ello, el 18 de octubre de 2024, emitimos una *Resolución* en la que concedimos a la parte recurrente un plazo de cinco (5) días para que presentara copia de la determinación de la cual solicita revisión, so pena de desestimación del recurso. Sin embargo, dicho plazo transcurrió en exceso sin que la parte recurrente haya presentado documento alguno. Por tanto, nos encontramos en posición de resolver, según advertido.

**II.**

**-A-**

A nivel apelativo, el Reglamento del Tribunal de Apelaciones, faculta a este foro a desestimar motu proprio un recurso apelativo si se satisface alguno de los criterios contenidos en la Regla 83, del Reglamento. La referida regla, en lo pertinente, dispone lo siguiente:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción.

[...]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta Regla.

**-B-**

Regla 59 — Contenido del recurso de revisión

El escrito de revisión contendrá:

(A) Cubierta La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) Epígrafe El epígrafe del escrito de revisión contendrá el nombre de todas las partes en el orden en que aparecían en el trámite administrativo y se les identificará como "parte recurrente" y "parte recurrida".

(2) Información sobre abogados y abogadas, y partes Se incluirá el nombre, la dirección postal, el teléfono, el número de fax y la dirección electrónica y el número del Tribunal Supremo del abogado o abogada de la parte recurrente y del abogado o abogada de la parte recurrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si éstas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) Información del caso Deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, el nombre del organismo o agencia administrativa de la cual proviene el recurso, incluyendo la identificación numérica del trámite administrativo, si alguna, y la materia. En los recursos para impugnar la validez de una regla o reglamento, el epígrafe expresará el nombre de la persona que impugna, identificándola como "recurrente", y el nombre del organismo o agencia que adoptó la regla o reglamento, identificándola como "recurrida".

(B) Índice Inmediatamente después, habrá un índice detallado del recurso y de las autoridades citadas conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) Cuerpo (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de ésta, la parte recurrente procederá conforme se dispone en la Regla 76.

(D) Número de páginas El recurso de revisión no excederá de veinticinco páginas, exclusive de la certificación de notificación, del índice y del Apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos. La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

(3) El Apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado copia de la prueba ofrecida y no admitida.

(4) Todas las páginas del Apéndice se numerarán consecutivamente. Los documentos se organizarán en orden cronológico. Además, el Apéndice contendrá un índice que indicará la página en que aparece cada documento.

**-C-**

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, establece que como Tribunal de Apelaciones estamos facultados para revisar las "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".

La sección 4.2 de la Ley Núm. 38 de 30 de junio de 2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante "LPAUG"), dispone que un recurso de revisión judicial puede presentarse ante nuestra consideración dentro del término de treinta (30) días contados a partir del archivo en autos de copia de la notificación de la orden o resolución final dictada por una agencia. Es decir, sólo puede presentarse un recurso de revisión judicial ante este Tribunal cuando exista una determinación final de una agencia administrativa.

**III.**

Tras examinar el recurso presentado por el recurrente, encontramos que el contenido del mismo carece de una relación fiel de los hechos procesales y materiales del caso que nos permitan entender el asunto planteado. Tampoco el recurrente hizo un señalamiento breve ni conciso del error que, a su juicio, cometió la JLBP o en el que se fundamente su solicitud. Además, no acompañó un apéndice, documentos necesarios e indispensables para evaluar el recurso de revisión judicial. Tampoco incluyó copia de una resolución final de la JLBP que pueda ser revisable por este Tribunal de Apelaciones.

En resumen, el recurso ante nuestra consideración no reúne las exigencias reglamentarias correspondientes a la presentación y perfeccionamiento de un recurso de revisión judicial. Dichas omisiones nos imposibilitan ejercer nuestra función revisora, así como poder cumplir con nuestro deber de emitir una decisión fundamentada. Cabe mencionar que, el hecho de que una parte comparezca por derecho propio no justifica el incumplimiento con las reglas procesales aplicables.

Por tanto, procede la desestimación del recurso conforme la Regla 83(C) del Reglamento del Tribunal de Apelaciones.

**IV.**

Por los fundamentos que anteceden, ***desestimamos*** el recurso de revisión judicial solicitado.

Notifíquese al señor Miguel A. Jaime Blás, quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación: Centro de Detención del Oeste, Calle San Ignacio 383, Mayagüez, PR 00681 o en cualquier institución en donde se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. El juez Adames Soto respetuosamente disiente. Ello, por cuanto hubiese requerido directamente el expediente administrativo al Departamento de Corrección y Rehabilitación, para evitar desestimar por falta de perfeccionamiento el recurso.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones